# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHAWN-ANTHONY ARNDT,** : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:12-0013** |
| v. : | **(KOSIK, D.J.)** |
| | **(MANNION, M.J.)** |
| **COMMONWEALTH OF PENNSYLVANIA, COUNTY OF YORK, MICHAEL E. BORTNER, JONELLE H. ESHBACH, DAVID BIXLER, and MATTHEW EMIG,** : | |
| **Defendants** : | |

## REPORT AND RECOMMENDATION

On January 4, 2010, the plaintiff, an inmate at the State Correctional Institution, Waymart, Pennsylvania, filed the instant action pursuant to 42 U.S.C. §1983. (Doc. No. 1). A supplement to the action was filed on January 20, 2012. (Doc. No. 6). On February 1, 2012, the plaintiff filed a motion for leave to proceed *in forma pauperis*, (Doc. No. 9), and an authorization form, (Doc. No. 10). A financial administrative order was issued on the following day directing the prison superintendent/warden to begin deducting the proper filing fee from the plaintiff's inmate account. (Doc. No. 11). As the plaintiff is proceeding *in forma pauperis*, the court accordingly is giving his complaint

preliminary consideration pursuant to 28 U.S.C. §1915(e)(2)(B)[1]. In giving the plaintiff's complaint preliminary consideration pursuant to 28 U.S.C. §1915(e)(2)(B), the court will recommend that the complaint be dismissed.

In his filings, the plaintiff alleges violations of his civil rights in relation to his arrest and conviction in York County on numerous charges of sexual offenses against a minor. See Commonwealth v. Arndt, Court of Common Pleas York County, Criminal Docket No. CP-67-CR-0004896-2009. In relation to his arrest and conviction, the plaintiff argues that he suffered "violations of the United States and Pennsylvania Constitutions, prosecutorial misconduct, fruit of the poisoness (sic) tree evidence, derivative evidence, falsified statements, perjury, deceit by law enforcement, duress of imprisonment, forced confession, rules of criminal court procedure violations, and Miranda rights violations." The plaintiff requests that this court set a date for an evidentiary hearing so that he may prove his allegations and obtain relief.

To the extent that the plaintiff is seeking relief for alleged violations of his constitutional rights at the state court level, his complaint is barred by

---

[1] Section 1915(e)(2)(B) mandates that a district court dismiss a case by a plaintiff proceeding in forma pauperis "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Heck v. Humphrey, 512 U.S. 477 (1994). Heck prevents an indirect attack on the validity of a conviction *via* a civil rights complaint unless the conviction has, in effect, been overturned. In Heck, the Court held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 486-87 (footnote omitted).

Here, if the plaintiff were to succeed on his claims, his underlying conviction would necessarily be called into question. There is no indication from the plaintiff's complaint that his conviction has been invalidated. In fact, a review of the docket in the plaintiff's state court case reflects that he currently has an appeal pending in the Pennsylvania Superior Court, which is not scheduled to be heard until June 4, 2012. See Commonwealth v. Arndt, Superior Court of Pennsylvania, Docket No. 1480 MDA 2011. As such, his complaint should be dismissed.

3

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the plaintiff's motion to proceed *in forma pauperis*, **(Doc. No. 9)**, be **GRANTED**; and

**(2)** the plaintiff's complaint, **(Doc. No. 1)**, be **DISMISSED**.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: June 4, 2012**
O:\shared\REPORTS\2012 Reports\12-0013-01.wpd